## Matter of WILCOX's ESTATE.

(Surrogate's Court — Orleans County, October, 1892.)

A decree of a Surrogate's Court directing the payment of money must be satisfied as if it was a judgment of record.

The certificate of satisfaction of a decree of a Surrogate's Court directing the payment of money, was executed out of the state, acknowledged before a notary public, and had attached thereto a certificate of the county clerk, that the officer taking the acknowledgment, was a notary public, duly commissioned, etc., and was duly authorized to take the same. *Held*, that the certificate was insufficient, in that it failed to specify, that the officer taking the acknowledgment, was authorized by the laws of the state to take the proof and acknowledgment of deeds.

IN the matter of the judicial settlement of the estate of Elnathan Wilcox.

SIGNOR, S. In this matter, certificates of satisfaction of the decree which directs the payment of money are filed by several parties. These certificates are executed out of the state and acknowledged before a notary public, and have attached thereto a certificate of the county clerk which certifies that the officer taking the acknowledgment is a notary public, duly commissioned, etc., and "is duly authorized to take the same," but does not certify that the officer was authorized by the laws of the state where taken, *to take the acknowledgment of deeds.*

The question has arisen so frequently in this court as to the proper manner of satisfying a decree, that I deem it important to review the provisions of the Code and the practice in the matter of the satisfaction of decrees of this nature in the Surrogate's Court. The decree must be satisfied as if it was a judgment of record. Code Civ. Proc. § 2553. McClellan's Surrogate's Practice, 518 (3d ed. 1888), gives Laws of 1867, chapter 782, section 9, as the authority for the satisfaction of a decree, but this act was repealed by the General Repealing Act of 1880. That act provided that a decree might be satisfied on filing a release "acknowledged or proved as now required as to a conveyance of real estate." It has been suggested that section 2553, applies only to decrees that have

been docketed in the county clerk's office and become prac-
tically a judgment of the Supreme Court. It will be found,
however, that this section contains the only provision in
regard to such satisfactions, and in their notes the codifiers
say: "A clause in the last sentence of this section supersedes
Laws of 1867, chapter 782, section 9." From this it appears
that the intention was to make the clause applicable to all
such decrees, whether docketed or not. Section 1260 of the
Code provides for the satisfaction of a judgment, and the last
part of the section provides that when not acknowledged by
the clerk or his deputy the satisfaction "must be acknowl-
edged or proved and certified in like manner as a deed to be
recorded in the county where it is filed." The provisions for
the taking of acknowledgments of such instruments outside of
the state are found in Laws of 1848, chapter 195, sections 1
and 2, as amended by Laws of 1867, chapter 557, section 3.
Birdseye's R. S. 2550. This act provides that "The proof or
acknowledgment of any deed or other written instrument
required to be proved or acknowledged in order to entitle the
same to be recorded or read in evidence when made by any
person residing out of this state and within any other state or
territory of the United States, may be made before any officer
of such state or territory authorized by the laws thereof to
take the proof and acknowledgment of deeds." The follow-
ing sentence provides that the same may be recorded or read
in evidence when the proper officer attaches his certificate
"Specifying that such officer was, at the time of taking such
proof or acknowledgment, duly authorized to take the same."

These certificates are in a form frequently used, and certi-
fies that the officer before whom the annexed instrument was
acknowledged, was a notary public, etc., and "was duly
authorized to take the same." If the instrument was a deed
this would be in effect certifying that he was, by the laws of
that state, authorized to take the acknowledgment of deeds,
but it does not follow that because by the law of the foreign
state he was authorized to take the acknowledgment of a
decree in Surrogate's Court he was authorized to take an

acknowledgment of deeds. Nor will this be presumed. *Bowen* v. *Stilwell*, 9 Civ. Proc. R. 281.

It has been suggested that these certificates follow the words of the statute, and, therefore, are sufficient, but it will be observed that the statute does not say certifying that he was authorized to take the same, but "*Specifying* that he was authorized to take the same." It is not to be presumed that the county clerk of a county outside of the state is to certify that by the laws of the state of New York an officer of his state was authorized to take acknowledgments, but he may specify enough to warrant the court herein determining that he had the authority. This authority must be derived from the laws of this state. *Ross* v. *Wigg*, 34 Hun, 192. The fact that he was authorized by the laws of the state where he resided to take acknowledgments of deeds would not authorize him to take the acknowledgment of these instruments. His entire authority, so far as his acts in this respect are concerned, is derived from our statute. The statute of this state might equally well have provided that any attorney residing in that state might take the acknowledgment. The specifying required by the clerk is that the officer taking is one who is authorized by the laws of that state to take acknowledgment of deeds, as in the other case it would specify that the person taking was an attorney residing in the state, while on the other hand the certifying that the officer was authorized by the laws to take the acknowledgment to a satisfaction of a judgment does not *specify* him as an officer authorized by the laws of the state to take the acknowledgment. For this reason that he is not specified, designated or pointed out as one having the required authority, the satisfactions cannot be filed until they are returned and the clerk *specifies* that the officer taking the acknowledgment was authorized by the laws of that state to take the proof and acknowledgment of deeds.